**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 27 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>JOSEPH DAVID ROBERTSON,<br><br>Defendant-Appellant. | No.   16-30178<br><br>D.C. No.<br>6:15-cr-00007-DWM-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

Argued and Submitted August 29, 2017
Seattle, Washington

Before:  McKEOWN and GOULD, Circuit Judges, and ROTHSTEIN,[**] District Judge.

After a previous trial ended in a mistrial, Joseph David Robertson was convicted at a second trial for violations of the Clean Water Act, 33 U.S.C. § 1251–1388, and committing depredation of property of the United States in

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Barbara Jacobs Rothstein, United States District Judge for the Western District of Washington, sitting by designation.

violation of 18 U.S.C. § 1361. We here address his challenge to the district court's ruling compelling him to bear a part of the costs of his defense at the first trial. We also review the challenge to the order requiring Robertson to bear some costs of his defense for abuse of discretion. *United States v. Danielson*, 325 F.3d 1054, 1076 (9th Cir. 2003). We affirm.[1]

Robertson gives three reasons in support of his argument that the district court erred by ordering him to reimburse $12,000 for the costs of his appointed counsel, and to partially pay ($300 per month) for defense costs. First, he argues that he should not have to partially pay for the cost of his defense because the order was entered after his first trial, but before his conviction. This is a policy argument as to why Congress's current legislative scheme is—in Robertson's opinion— unfair. The statute itself does not by its terms require that a defendant be convicted before the court may order reimbursement of the cost of appointed representation. *See* 18 U.S.C. § 3006A(f). In *Fuller v. Oregon*, the case upon which Robertson relies, the Supreme Court concluded that "Oregon could surely decide with objective rationality that when a defendant has been forced to submit to a criminal prosecution that does not end in conviction, he will be freed of any potential liability to reimburse the State for the costs of his defense." 417 U.S. 40, 50

---

[1] We also affirm, and reject Robertson's other arguments, for the reasons stated in the concurrently filed published opinion.

2

(1974). The Supreme Court in that case, however, did not state or suggest that Oregon had to make that "legislative decision" in other contexts. *Id.*

Even were we to agree with Robertson that it is "unfair" to make a defendant whose trial did not end in conviction reimburse the court for the cost of an appointed attorney, it is not our role to "inquire whether this statute is wise or desirable." *Fuller*, 417 U.S. at 48 (quoting *James v. Strange*, 407 U.S. 128, 133 (1972)). That is a responsibility properly left to Congress. *See Nw. Airlines, Inc. v. Transport Workers Union of Am., AFL-CIO*, 451 U.S. 77, 97 (1981).

Second, Robertson argues that the Criminal Justice Act (CJA) Guidelines for CJA Representation provide that the defendant's ability to pay should be assessed after the defendant is convicted, not after a mistrial. The section of the CJA Guidelines that he cites for this proposition—section 210.420.20—does not support his argument that the Court should assess a defendant's ability to reimburse defense costs only if and after the defendant is convicted. Those Guidelines provisions discuss the process of determining eligibility, and encourage courts to make the eligibility decision "prior to the person's first appearance in court." Criminal Justice Act Guidelines § 210.40.20(b).

While another section of the CJA Guidelines permits the court to order reimbursement at sentencing, that provision does not limit the time to reassess eligibility to only sentencing after a conviction. *See id.* § 210.40.30(d). More

importantly, the statute allows the court to order reimbursement "[w]henever the United States magistrate judge or the court finds that funds are available for payment from or on behalf of a person furnished representation." 18 U.S.C. § 3006A(f). The plain language of this statute makes it clear that the district court acted within its discretion when it reassessed Robertson's eligibility and ordered reimbursement and payment for future defense costs before sentencing.

Third, Robertson asserts that the Presentence Investigation Report shows that he did not have the ability to pay a fine, and that he should not have to pay for the cost of his defense. However, the Presentence Investigation Report was not before the court at the time the court ordered reimbursement before Robertson had been convicted in the second trial. But, for the reasons stated above, we have rejected Robertson's challenge to the reimbursement order based on his lack of conviction at that time, in view of the plain language of the pertinent statute. *See* 18 U.S.C. § 3006A(f). Robertson does not contest the district court's factual findings or the conclusions that it made when it ordered reimbursement and payment of future defense costs. The district court did not abuse its discretion by not relying on a document that did not exist at the time it issued its order.

**AFFIRMED.**